O

# United States District Court
# Central District of California

| | |
|---|---|
| JAIME MEMBRENO; NABB I-AM, <br><br> Plaintiffs, <br><br> v. <br><br> FU WEI; HA HUYNH; FU WEI & HA HUYNH FAMILY LIVING TRUST; FIRST AMERICAN TITLE; SAM S. LESLIE; 360 CONCEPTS PROPERTY MANAGEMENT; WILL ALLEN; A & A ESCROW SERVICES; DIMITROW TAMAR, <br><br> Defendants. | Case № 2:15-cv-06322-ODW (RAOx) <br><br> **ORDER DISMISSING PLAINTIFFS' COMPLAINT [1]** |

## I. INTRODUCTION

Before the Court is the Complaint filed on August 19, 2015 by Plaintiffs Jaime Membreno and Nabb I-Am. For the reasons discussed below, the Court **DISMISSES** Plaintiffs' Complaint sua sponte with leave to amend.[1] (ECF No. 1.)

---

[1] After carefully reviewing the Complaint and the relevant legal authority, the Court deems the matter appropriate for sua sponte decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15; *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

## II. FACTUAL BACKGROUND

On August 19, 2015, Plaintiffs, proceeding pro se, filed a Complaint against Defendants Fu Wei, Ha Huynh, Fu Wei & Ha Huynh Family Living Trust, First American Title, Sam S. Leslie, 360 Concepts Property Management, Will Allen, A & A Escrow Services, and Dimitrow Tamar (collectively "Defendants").[2] (ECF No. 1.) Plaintiffs allege twenty-four causes of action against Defendants, including fraud, breach of contract, invasion of privacy, claims under the Racketeer Influenced and Corrupt Organizations Act, claims under the Fair Debt Collections Practices Act, securities fraud, trespass, negligent misrepresentation, and various statutory and civil rights violations.[3] Plaintiffs also appear to make class allegations. (Compl. ¶¶ 38–47.)

Plaintiffs' allegations revolve around property located at 5879, 5879 ½, 5881, and 5883 Fostoria Street, Bell Gardens, California 90201 ("Bell Gardens Property"). (*Id.* ¶ 74.) As best the Court can tell, Plaintiffs allege that Defendants conspired to "conduct an insidious fraud campaign" against Plaintiffs and the Bell Gardens Property. (*Id.* ¶ 57.) Plaintiffs contend that Defendants used a forged mortgage note and staged foreclosure sales on the property at issue based on this false note. (*Id.*) Although Plaintiffs make many other broad allegations against Defendants in the seventy-five page Complaint, it appears that the mortgage and resulting foreclosure lie at the root of most of the alleged misbehavior.[4]

## III. LEGAL STANDARD

A court may sua sponte dismiss a complaint for failure to comply with Rule 8 when "the complaint is so verbose, confused and redundant that its true substance, if

---

[2] Plaintiffs also refer to Wells Fargo Bank as a defendant in the Complaint, but do not include Wells Fargo Bank on the caption page. (*See, e.g.*, Compl. ¶ 17.)

[3] Plaintiffs do not include page numbers in the Complaint. The Court recommends that Plaintiffs review all Local Rules, specifically Local Rule 11-3.3, which requires that all documents be numbered consecutively at the bottom of the page.

[4] Plaintiffs refer, on several occasions, to exhibits (alternatively lettered and numbered), but did not file any exhibits with the Complaint. (*See, e.g.*, Compl. ¶¶ 56, 57, 62–71.)

any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

To satisfy Rule 8, a complaint must contain a "short and plain statement" of the plaintiff's claim. Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The complaint need not include "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A complaint that merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* at 678 (internal quotations omitted). Any legal conclusions included in a complaint must be supported by factual allegations; the Court will not assume the truth of unsupported legal conclusions. *Id.*

When a plaintiff appears pro se, the Court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally."). This allowance does not mean, however, that a pro se plaintiff is "excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. *See* Fed. R. Civ. P. 15(a). When dismissing a pro se complaint with leave to amend, the Court provides the plaintiff with notice of the deficiencies in the complaint to ensure the plaintiff may effectively amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, the Court may deny leave to amend where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

## IV. DISCUSSION

The Court determines that Plaintiffs' Complaint should be dismissed for failure

to comply with the minimal pleading requirements of Rule 8.

An unintelligible complaint serves no purpose, and more importantly, fails to perform the essential functions of a complaint. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Pleadings . . . enable determination of the competence of the court, the appropriate procedures for the particular type of adjudication, the type of trial, and the remedies available."). It also requires all parties—plaintiff, defendant, and the court—to expend resources just trying to decipher the prose.

Here, although Plaintiffs allege twenty-four causes of action—including fraud, negligent misrepresentation, breach of contract, trespass, civil rights violations, and various statutory violations—they fail to support any of these claims with any specific facts that would allow Defendants to understand the allegations against them. Indeed, the Complaint includes thirteen pages titled "Factual Allegations," yet does not include a specific fact, date, or number on any of these pages. (Compl. ¶¶ 48–71.) Instead, the Complaint is filled with sweeping accusations of fault.

For example, in the "Factual Allegations" section of the Complaint, Plaintiffs allege that Defendants have "filed improper and fraudulent [u]nlawful [d]etainer or frivolous eviction cases[,] without standing, against the named plaintiffs in [s]tate [c]ourts." (Compl. ¶ 56.) While this sentence was one of the more specific allegations in the Complaint, it still does not rise to the low bar set by Rule 8. It is impossible to identify the actual behavior that Plaintiffs believe is actionable, and thus it would be difficult, if not impossible, for Defendants to frame a responsive pleading or even understand the allegations against them.

Moreover, multiple claims and allegations clearly have no merit. Plaintiffs appear pro se and thus cannot "pursu[e] claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Additionally, as none of the Defendants are government entities, the civil rights claims are also improper. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There are also no allegations (as far as the Court can discern) that Plaintiffs are

owners of any securities issued by Defendants, and thus the securities fraud causes of action are improper. *See* 15 U.S.C. § 78j(b) (requiring that fraudulent activity be "in connection with the purchase or sale" of a security). Finally, and perhaps most importantly, this claim appears to be a tactic to delay or otherwise interfere with Membreno's bankruptcy proceedings before the Bankruptcy Court. *See In re: Membreno*, No. 2:14-bk-15129 (Bankr. C.D. Cal.); *In re Birting Fisheries, Inc.*, 300 B.R. 489, 498–99 (B.A.P. 9th Cir. 2003) ("The bankruptcy court's exclusive jurisdiction encompasses 'all matters connected with the bankruptcy estate.'").

In sum, Plaintiffs' vague and unsupported allegations are not "simple, concise, and direct" and thus fail to meet the requirements of Rule 8. Fed. R. Civ. P. 8(d)(1).

## V. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** Plaintiffs' Complaint with leave to amend. (ECF No. 1.) Plaintiffs shall file a First Amended Complaint that complies with Rule 8 within fourteen (14) days of the date of this Order. C.D. Cal. L.R. 15-1. In the First Amended Complaint, Plaintiffs must cure the defects discussed above. Plaintiffs shall not refer to or incorporate the original Complaint in the First Amended Complaint, but must ensure that the First Amended Complaint is a stand-alone document. C.D. Cal. L.R. 15-2.

In the First Amended Complaint, Plaintiffs should provide short, concise allegations of specific facts supporting each of the alleged causes of action. Plaintiffs should additionally identify all Defendants in the caption of the Complaint, and identify the specific Defendants against whom each claim is alleged. Plaintiffs must make concise, direct statements of fact, instead of relying on formulaic recitations of elements and legal conclusions. Plaintiffs are cautioned not to file a First Amended Complaint containing boilerplate allegations and frivolous causes of action, or to cut and paste allegations in the same manner as their current Complaint. Plaintiffs are further cautioned that failure to either timely file a First Amended Complaint or correct the deficiencies described above will result in a dismissal of all claims without

leave to amend pursuant to Rule 41(b).

Finally, the Court advises Plaintiffs that a Federal **Pro Se Clinic** is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal **Pro Se Clinic** offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Defendants may visit http://www.cacd.uscourts.gov/ and follow the link for "**Pro Se Clinic**—Los Angeles" or contact Public Counsel at 213–385–2977, extension 270. Plaintiffs are encouraged to visit the clinic, or seek the advice of an attorney, as this case proceeds.

**IT IS SO ORDERED.**

September 22, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**