O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JAIME MEMBRENO; NABB I-AM, <br><br> Plaintiffs, <br><br> v. <br><br> FU WEI; HA HUYNH; FU WEI & HA HUYNH FAMILY LIVING TRUST; FIRST AMERICAN TITLE; SAM S. LESLIE; 360 CONCEPTS PROPERTY MANAGEMENT; WILL ALLEN; A & A ESCROW SERVICES; DIMITROW TAMAR, <br><br> Defendants. | Case № 2:15-cv-06322-ODW (RAOx) <br><br> **ORDER DISMISSING ACTION** |

## I. INTRODUCTION

On September 22, 2015, the Court dismissed Plaintiffs Jaime Membreno and Nabb I-Am's Complaint with leave to amend. To date, Plaintiffs have not filed an amended complaint, despite repeated warnings that failure to do so would result in dismissal of the action. As a result, the Court **DISMISSES** this action in its entirety for failure to prosecute and failure to comply with Court orders. (ECF No. 1.)

/ / /

## II. FACTUAL BACKGROUND

On August 19, 2015, Plaintiffs, proceeding pro se, filed their Complaint against Defendants Fu Wei, Ha Huynh, Fu Wei & Ha Huynh Family Living Trust, First American Title, Sam S. Leslie, 360 Concepts Property Management, Will Allen, A & A Escrow Services, and Dimitrow Tamar (collectively "Defendants"). (ECF No. 1.) Plaintiffs alleged twenty-four causes of action against Defendants, including fraud, breach of contract, invasion of privacy, claims under the Racketeer Influenced and Corrupt Organizations Act, claims under the Fair Debt Collections Practices Act, securities fraud, trespass, negligent misrepresentation, and various statutory and civil rights violations. Plaintiffs also appeared to make class allegations. (Compl. ¶¶ 38–47.)

On September 22, 2015, the Court dismissed the Complaint *sua sponte* with leave to amend for failure to comply with the Rule 8 pleading requirements. (ECF No. 22.) The Court ordered Plaintiffs to file a First Amended Complaint by October 6, 2015, and cautioned Plaintiffs that failure to timely file a First Amended Complaint would result in a dismissal of the action. (*Id.*) On October 14, 2015, with the deadline for filing a First Amended Complaint having long passed, the Court ordered Plaintiffs to show cause in writing as to why the action should not be dismissed for failure to prosecute and to comply with Court orders. (ECF No. 24.) The Court again warned Plaintiffs that failure to timely respond would result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) without further notice. To date, Plaintiffs have not responded to the Court's Order to Show Cause and have not filed a First Amended Complaint. In fact, Plaintiffs have not filed anything at all since filing their original Complaint.

## III. DISCUSSION

Pursuant to Rule 41(b), a district court has authority to *sua sponte* dismiss an action for failure to prosecute or failure to comply with court orders. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R.*, 370 U.S. 626, 629–31 (1962); *Hells Canyon*

*Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). A court must weigh five factors when determining whether to dismiss a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). These factors exist as a framework for the Court to consider before dismissing a case, but "are not a series of conditions precedent before the judge can do anything." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

The Court finds dismissal to be appropriate here. The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—clearly weigh in favor of dismissal. Plaintiffs failed to file a First Amended Complaint or request an extension of time in which to do so, which hinders the Court's ability to move this case toward resolution. "[D]elay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* at 1227. Plaintiffs' failure to comply with the Court's orders over the past four weeks further suggests that they do not intend to litigate this case diligently and efficiently.

The third factor—risk of prejudice to the defendants—also weighs in favor of dismissal. When a plaintiff unreasonably delays litigation of a claim, the law presumes prejudice to the defendants. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Indeed, without an operative complaint on file, the Defendants cannot do anything to investigate or defend against Plaintiffs' action. Defendants are essentially being held hostage in this case.

The fourth factor—public policy favoring disposition of a case on its merits—usually weighs against dismissal. However, the plaintiff bears the responsibility of moving a case forward toward resolution on its merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228. Where, as here, the plaintiff fails to

discharge this responsibility, the policy favoring resolution of disputes on the merits will not outweigh the plaintiff's failure to prosecute his or her claim. *Id.*

Finally, the fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. At this point, the Court has exhausted all reasonable means to obtain Plaintiffs' compliance with its Order to file an amended complaint. Neither the Court nor the Defendants can move this case forward unless and until Plaintiffs do so. The Court has twice warned Plaintiffs that failure to timely file a First Amended Complaint will result in dismissal of the action. (ECF No. 5–6.) Plaintiffs, through their failure to respond in any way, have shown either unwillingness or the inability to comply with the Court's orders by failing to file a timely First Amended Complaint. It is thus clear that less drastic sanctions would be meaningless.

Although the Court must be lenient in giving pro se plaintiffs an opportunity to present their cases, those opportunities are not unending. At this point, leniency must give way to considerations of limited court resources and fairness to the defendants. As four of the five Rule 41(b) factors strongly weigh in favor of dismissal, dismissal is clearly appropriate.

## IV.   CONCLUSION

For the reasons discussed above, the Court **DISMISSES** the action pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

October 26, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4