O
JS-5

# United States District Court
# Central District of California

| | |
|---|---|
| JAIME MEMBRENO; NABB I-AM, | Case № 2:15-cv-06322-ODW (RAOx) |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFF'S EX PARTE APPLICATION [26]** |
| FU WEI; HA HUYNH; FU WEI & HA HUYNH FAMILY LIVING TRUST; FIRST AMERICAN TITLE; SAM S. LESLIE; 360 CONCEPTS PROPERTY MANAGEMENT; WILL ALLEN; A & A ESCROW SERVICES; DIMITROW TAMAR, | |
| Defendants. | |

On October 26, 2015, the Court dismissed this action for failure to prosecute and failure to comply with court orders. (ECF No. 25.) Specifically, Plaintiffs (proceeding in pro per) failed to file a First Amended Complaint within the deadline ordered by the Court, and failed to timely respond to the Court's Order to Show Cause. (*Id.*) After dismissing the action, however, the Court received from Plaintiffs a response to the Court's Order to Show Cause and an ex parte application requesting additional time in which to file their First Amended Complaint. (ECF Nos. 26, 27.)

These documents were manually filed with the Clerk's office on October 23, 2015, but did not come to the Court's attention until after it dismissed the matter for failure to prosecute.

In their response and application, Plaintiffs represent that they were out of town between September 20, 2015 and October 9, 2015, and thus were unaware of the Court's initial Order dismissing their Complaint and ordering them to file an amended complaint. (ECF No. 27.) Although Plaintiff Nabb I-Am subsequently received the Court's Order to Show Cause, Plaintiffs failed to submit a timely response because they were held up in unforeseen traffic on their way to the courthouse. (ECF No. 26.) As a result, the Plaintiffs filed their response one day late.

Based on the foregoing circumstances, and given the liberality with which the Court is required to construe a pro se litigant's conduct, the Court exercises its discretion to construe Plaintiffs' ex parte application as an application for relief from an order under Rule 60(b), and to grant that application based on excusable neglect. Fed. R. Civ. P. 60(b)(1).

Accordingly, the Court **ORDERS** the Clerk of the Court to reopen the case. Moreover, the Court **ORDERS** Plaintiffs to file their First Amended Complaint no later than **November 26, 2015**. **Plaintiffs are once again cautioned that their failure to file a timely and acceptable First Amended Complaint will result in the action being dismissed in its entirety without further notice from the Court.**

November 4, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**